FILED '08 FEB 15 14:19 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFFREY WALTERS,                    )
                                    )
                Plaintiff,          )    Civ. No.   06-1502-TC
                                    )
        vs.                         )
                                    )
                                    )
                                    )    OPINION AND ORDER
                                    )
ROLL'N OILFIELD INDUSTRIES, LTD,)
a foreign corporation, and          )
NORDIC WELL SERVICING, INC., a     )
foreign corporation,                )
                                    )
                Defendants.         )
_____)

COFFIN, Magistrate Judge.

        Before the court is defendants' motion for summary judgment

(#31).  Based on reasons that follow, the motion is granted in part

and denied in part.

## Factual Background

        Plaintiff worked as a roustabout for defendants from

September 6, 2005, until his termination the following month.

The summary judgment record indicates that he performed manual

labor on the drill platform of a gas drilling rig in Coos Bay.

Plaintiff asserts that shortly after his employment began, he

noticed safety hazards on the rig and advised his immediate

supervisors, Hanson and Menapace.  Plaintiff also states that he

took photographs in order to document safety hazards.  Defendants

contend that plaintiff's camera use during work time was evidence

of his poor work ethic.  Defendants state that plaintiff took

phone calls during work, leaving others to assume his
responsibilities, and they state that crew leaders received
complaints about plaintiff's work ethic.

In September 2005, plaintiff met with the rig manager,
McGeehan, who instructed him to stop taking photographs on the
rig. Sometime thereafter, McGeehan wrote in his work journal,
"[Plaintiff] was taking pictures on rig talk to [another rig
manager] about keeping here I would let him go. Talked a lot
about labor laws to other hands." Defendants maintain that
safety was a primary concern in the workplace, and plaintiff's
safety reporting was welcome and taken into consideration.

On October 24, plaintiff received a letter from the
president of defendant Nordic Well Servicing Inc. terminating
him. Plaintiff contends that he was terminated in retaliation
for raising safety concerns, whereas defendants contend that
plaintiff was terminated for taking photographs and conducting
phone conversations while at work, and for exhibiting a poor work
ethic.

Plaintiff reported his termination to the Oregon Bureau of
Labor and Industries (BOLI) on November 2, 2005, and asserted
that it was retaliatory. He later submitted an employment
discrimination questionnaire to BOLI describing his safety
concerns and termination and then filed a formal BOLI complaint
in December 2005.

Plaintiff initiated this action in October 2006. He brings
two claims: retaliation for reporting safety violations under
Or. Rev. Stat. § 652.062 and wrongful termination. Defendants
move for summary judgment on both claims based on purely legal
questions. For the reasons that follow, defendants' motion is

granted in part and denied in part.

## Standard

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, all reasonable doubt as to the existence of a genuine issue of fact is resolved against the moving party, Hector v. Wiens, 533 F.2d 429, 432 (9th Cir. 1976), and any inferences drawn from the underlying facts are viewed in the light most favorable to the nonmoving party. Valadingham v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir. 1989).

The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Id. at 323-24.

## Analysis

I. Retaliation

Defendants assert that plaintiff is precluded from bringing the retaliation claim because he notified BOLI after the close of the filing period. The relevant statute is former Or. Rev. Stat. § 654.062(6)(a) (2005), which states in part:

> Any employee or prospective employee alleging to have been barred or discharged from employment . . . in violation of this . . . section <u>may, within 30 days after the employee or prospective employee has reasonable cause to believe that the violation has occurred, file a complaint</u> with the Commissioner of the Bureau of Labor and Industries alleging such discrimination under the provisions of ORS 659A.820.

Or. Rev. Stat. § 654.062(6)(a) (2005) (emphasis added). The standard for timeliness for reporting retaliation for safety violations is elaborated in former Or. Admin. R. 839-003-0025(5) (2005):

> (5) A person alleging discrimination for reporting or opposing unsafe or unhealthy work conditions under ORS 654.062 <u>must contact the division within 30 days of having reasonable cause to believe that such violation has occurred</u>. An employee would have reasonable cause to believe a violation has occurred on the earliest date that the employee:
>
> (a) Believed retaliation had occurred against the employee for opposing employee health and safety hazards; and
>
> (b) <u>Knew or should have known of the right to file a complaint with the division and of the requirement that the complaint be filed within 30 days of the alleged retaliation.</u>
>
> (A) If a notice required by OSEA, as provided in OAR 437-001-0275(2)(a), was properly posted in the employee's workplace, continuously on and following the date of the alleged retaliation, the division will find that the employee knew or should have known of the <u>30-day filing requirement</u>.
>
> (B) If the employer failed to post the required OSEA

poster, the 30-day filing requirement will begin on the date the employee learned of the right to file a complaint and of the 30-day filing requirement. The employee may establish this date based on the employee's own statement or other evidence offered by the employee.

(C) If the employer disagrees with the employee's presented date as the date the employee learned of the right to file a complaint, the burden is on the employer to show that the employee knew or should have known on an earlier date.

Or. Admin. R. 839-003-0025(5) (2005) (emphasis added).

At issue is the type of notification required under Or. Rev. Stat. § 654.062(6)(a) (2005) and Or. Admin. R. 839-003-0025(5) (2005). Reading subsection (5) of Or. Admin. R. 839-003-0025 in isolation, plaintiff argues that under this standard, plaintiff had 30 days from the date on which he reasonably believed that he was discriminated against to "contact the division," that is, BOLI. Under this interpretation, plaintiff contends that his act of notifying BOLI of his termination on November 2, 2005, constitutes a qualifying "contact."

Defendants assert that the type of "contact" required under the statute and rule is the filing of a complaint. Defendants' reading is the more plausible construction. As noted above, Or. Rev. Stat. § 654.062(6)(a) (2005) states that an aggrieved employee may "file a complaint" with BOLI within 30 days of reasonably determining that reasonable cause to believe that a violation has occurred.

The regulation, in turn, states that, in discrimination cases, the plaintiff "must contact the division within 30 days of having reasonable cause to believe that such violation has occurred," and explains that reasonable cause is present when the plaintiff believed he or she suffered retaliation and "[k]new or

should have known of the right to file a complaint with the
division and of the requirement that the complaint be filed
within 30 days of the alleged retaliation." Or. Admin. R. 839-
003-0025(5)(a)-(b) (2005) (emphasis added). Thus, the rule
requires the plaintiff to have knowledge that the law requires a
complaint to be filed within 30 days in order to trigger the
filing period.

Because plaintiff's knowledge about this requirement and
specifically about the mode of notifying BOLI -- by filing a
"complaint" -- is a prerequisite to the commencement of the
limitation period, it defies logic that the agency would intend
to then dilute the act of notification itself to a simple
instance of "contact" with the agency. Further, the remaining
subsections of the rule consistently refer to the 30-day "filing
requirement" and reference the triggering date on which the
employee "learned of the right to file a complaint," indicating
that one particular method of BOLI notification -- filing a BOLI
complaint -- inheres in the timeliness requirement. Or. Admin.
R. 839-003-0025(5)(b)(A)-(C) (2005). Thus, when construed within
the context of the entire rule, and within the context of the
statute that the rule interprets, I understand the type of
"contact" required under Or. Admin. R. 839-003-0025(5)(2005) is
the filing of a complaint. See PGE v. Bureau of Labor and
Industries, 859 P.2d 1143, 1146 (1993) (analysis of text and
context of statute is primary step in construction); Roseburg
Forest Products v. Hardenbrook-Hardy, 171 P.3d 393, 395 (Or. App.
2007) (applying same interpretive framework to administrative
rules).

Under the regulation, a "complaint" is a "written, verified

statement signed by the complainant or complainant's attorney,"
and it is deemed "filed" when received by BOLI.  Or. Admin R.
839-003-0005(4), 839-003-0025(2).  Indeed, plaintiff's initial
BOLI questionnaire (received by the agency on November 17, 2005)
recited, "This is not an official complaint; completing the
questionnaire is a preliminary step."

Plaintiff filed his BOLI complaint on December 7, 2005.  The
parties agree that, at latest, plaintiff would have become
reasonably aware of the alleged retaliation against him on
October 24, 2005, when he received his termination letter.  The
record also indicates that plaintiff had actual notice of the 30-
day requirement no later than November 3, 2005, when he read a
BOLI intake form that stated, "your discrimination complaint must
be filed within thirty (30) days from when you believe you have
been discriminated against."  Because the BOLI complaint was
filed on December 7, 2005, outside the 30-day period, plaintiff
exceeded the filing period, and the claim is untimely.
Defendants' motion for summary judgement is granted with respect
to plaintiff's retaliation claim.


II.  Wrongful Termination

Defendants assert that plaintiff's wrongful termination tort
claim is precluded under Oregon law because adequate statutory
remedies exist to redress the alleged harm.  This court has held
that a claim for common law wrongful discharge is not available
in Oregon if: (1) an existing remedy adequately protects the
public interest in question; or (2) the legislature has
intentionally abrogated the common law remedies by establishing
an exclusive remedy (regardless of whether the courts perceive

that remedy as adequate).  <u>Draper v. Astoria Sch. Dist. No. 1C</u>,
995 F Supp 1122, 1128 (D. Or. 1998), abrogated in part on other
grounds by <u>Rabkin v. Or. Health Sciences Univ.</u>, 350 F3d 967 (9th
Cir. 2003).[1]  The court's inquiry into the adequacy of available
statutory remedies does not attend to whether plaintiff's
statutory claim under Or. Rev. Stat. § 654.062 has not withstood
summary judgment.  As Magistrate Judge Stewart has explained,
"inquiring into the adequacy of remedies as a matter of law does
not first require a determination as to the merits of the claims.
Instead, the only inquiry is whether an alternative claim, if
proven, provides an adequate remedy." <u>Minter v. Multnomah County</u>,
2002 WL 31496404, at *14 (D. Or. May 10, 2002).

Plaintiff seeks back pay, compensatory damages, punitive
damages, and attorney fees and costs.  Complaint at 7-8.  The
statutory remedies available to plaintiff under Or. Rev. Stat. §
654.062(5) consist of two years' back pay, injunction and
reinstatement, and attorney fees and costs.  Or. Rev. Stat. §
659A.885(1).  Notably, those remedies do not include compensatory
or punitive damages, which may be available to a wrongful
discharge plaintiff under Oregon tort law.  As such, that statute
"is inadequate to protect employees from a wrongful discharge
caused by resisting employment discrimination." <u>Cantley v. DSMF,</u>
<u>Inc.</u>, 422 F Supp 2d 1214, 1222 (D. Or. 2006).

Defendants argue, however, that the availability of <u>any</u>

---

[1]The matter has been complicated by an Oregon Court of Appeals
opinion, <u>Olsen v. Deschutes County</u>, 127 P3d 655, 660 (Or. App.
2006), rev denied, 136 P3d 1123 (Or. 2006), which held that both
elements must be established in order to preempt a wrongful
discharge claim.  This court has determined that, in the absence of
any  Oregon Supreme Court precedent, either element would suffice.
<u>Cantley v. DSMF, Inc.</u>, 422 F. Supp. 2d 1214, 1222 (D. Or. 2006).

adequate remedy is the focus the court's inquiry, and that where any statute in the universe of federal or state law would offer a plaintiff the types of remedies provided under a wrongful termination tort claim, wrongful termination is precluded, whether plaintiff alleged relief under the alternative claim or not.

In defendant's view, plaintiffs could have (and should have) invoked relief under 29 U.S.C. § 660(c), which permits a person aggrieved by discrimination on the basis of reporting safety violations to seek "all appropriate relief including rehiring or reinstatement of the employee to his former position with back pay." In support of its argument, defendants cite the unpublished opinion in Dooijes v. K & B Transportation, No. CV-04-608-MO, *1 (D. Or., Aug. 2, 2005), in which the court dismissed plaintiff's single wrongful termination claim on the basis that an adequate federal statutory remedy existed under the Surface Transportation Assistance Act, a statute that plaintiff apparently had not invoked.

The court rejects defendants' argument, taking significant guidance from Cantley v. DSMF, Inc., 422 F. Supp. 2d 1214, 1222 (D. Or. 2006). In Cantley, the court addressed and rejected the applicability of Dooijes in a case factually similar to the one at bar. In Cantley, as here, the plaintiff was terminated allegedly in retaliation for voicing workplace safety concerns, and brought claims under Or. Rev. Stat. § 654.062 and wrongful termination. As here, the plaintiff was challenged on the wrongful termination claim, on the basis that adequate statutory remedies were available. As here, the defendant in Cantley cited Dooijes v. K & B Transportation, No. CV-04-608-MO, *1 (D. Or.,

Aug. 2, 2005) in order to argue that existing remedies precluded plaintiff any redress through a wrongful termination claim.

The <u>Cantley</u> court explained that the <u>Dooijes</u> was inapplicable, in part because <u>Dooijes</u> did not account for recent iterations of Oregon case law that shift focus from whether an available statutory remedy protects the interest at issue to whether remedies invoked by a plaintiff offer the same redress as a wrongful termination claim. <u>Cantley</u>, 422 F. Supp. 2d at 1222-23. The case on which the <u>Dooijes</u> court relied was <u>Walsh v. Consolidated Freightways, Inc.</u>, 563 P.2d 1205, 1208 (Or. 1977), in which an employee terminated allegedly for voicing workplace safety concerns asserted a wrongful termination claim. <u>Walsh</u> held that the plaintiff's wrongful termination claim was precluded where OSHA provided for equitable relief. The <u>Cantley</u> court explained that, in the years after <u>Walsh</u> was decided, Oregon courts place greater emphasis on examining "whether the available remedies under the pertinent statute adequately address the personal injuries suffered by plaintiffs who lose their jobs due to discriminatory acts." <u>Id.</u> at 1221. It did not address the propriety of considering the applicability of a statutory remedy that plaintiff had apparently not invoked, but in light of the <u>Cantley</u> court's analysis of intervening developments in Oregon law, the value of <u>Walsh</u> as authority to support such a practice seems diminished.

In this case, even if it were appropriate to include in the court's inquiry relief under a statute that plaintiff had not invoked, it is not clear that remedies under 29 U.S.C. § 660(c) would provide the full range of relief afforded by wrongful termination. 29 U.S.C. § 660(c) permits an employee aggrieved by

discrimination in retaliation for reporting workplace safety concerns to file a complaint with the OSHA Secretary. Where a violation is found, the Secretary may bring an action on the complainant's behalf in district court, where the judge may award "all appropriate relief including rehiring or reinstatement of the employee to his former position with back pay." 29 U.S.C. § 660(c). Although the First Circuit has held that "all appropriate relief" can include compensatory and exemplary damages, Reich v. Cambridgeport Air Sys., Inc. 26 F.3d 1187, 1194 (1st Cir. 1994), I have found no authority in the Ninth Circuit on this question.

The Cantley plaintiff apparently did not invoke 29 U.S.C. § 660(c). However, even after having considered Walsh, which held that wrongful termination was precluded by the availability of remedies under the federal OSHA statute, the Cantley court did not dismiss the plaintiff's wrongful termination claim on the basis that a federal remedy existed under 29 U.S.C. § 660(c). Rather, it evaluated the statutory remedy that plaintiff did invoke under Or. Rev. Stat. §§ 654.062 and 659A.885(1) and explained that because the statutes provided no compensatory and punitive damages, the wrongful termination claim was not precluded. I adopt the reasoning of the court in Cantley. Because the statutory remedies that plaintiff has invoked under Or. Rev. Stat. §§ 654.062 and 659A.885(1) do not afford punitive or compensatory damages, plaintiff's wrongful termination is not precluded. Defendants' summary judgment motion on this basis is denied.

//

//

Conclusion

1    Defendants' motion for summary judgment (#31) is granted in

2    part and denied in part.

3

4    IT IS SO ORDERED.

5

6    Dated this  15  day of February, 2008.

7

8    _____

9    THOMAS M. COFFIN
     United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27